IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS LLC, | Case No. 1:25-cv-252 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | |
| CHERRI MCENTIRE a/k/a CHERRI CANNON a/k/a CHERRI BALLEW, et al., | |
| Defendants. | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**(Doc. 11)**

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 11). Defendants failed to timely respond to the motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for review. For the reasons stated below, Plaintiff's Motion for Default Judgment (Doc. 11) is **GRANTED**.

**BACKGROUND**

Plaintiff is a corporation that was granted the exclusive nationwide commercial distribution rights to the Errol Spence Jr. vs. Terence Crawford Championship Fight Program ("Program") that took place on July 29, 2023. (Complaint, Doc. 1, ¶¶ 6, 16.) Plaintiff entered into subsequent sublicensing agreements with other commercial entities throughout North America, which gave these entities the rights to publicly exhibit the Program within their respective commercial establishments in the hospitality industry.

1

(*Id.* at ¶ 17.) Defendant Cherri McEntire is the principal owner, managing member, and operator of Defendant VJS Andys Café Inc. (*Id.* at ¶ 7.) Defendants knew that they were not permitted to intercept or display the program without the proper sublicense from Plaintiff. (*Id.* at ¶19.) Nevertheless, Defendants intercepted the program and displayed it at their commercial establishment in Cincinnati, Ohio, on July 29, 2023, in violation of 47 U.S.C. § 605 and 47 U.S.C. § 553. (*Id.* at ¶ 19, 22.)

Plaintiff brought the present action against Defendants on April 18, 2025, alleging violations of 47 U.S.C. § 605 and 47 U.S.C. § 553. The summonses to Defendants were executed, and their answers we due on May 27, 2025. Neither Defendant answered, pled, or otherwise responded to the Complaint. Plaintiff applied to the Clerk of Courts for an entry of default against Defendants on June 30, 2025, (*see* Doc. 9), and the Clerk filed an Entry of Default (Doc. 10) on July 1, 2025. Plaintiff then filed a Motion for Default Judgment (Doc. 11) on July 8, 2025. Neither Defendant responded to the Motion.

## LAW

Federal Rule of Civil Procedure 55 governs entries of default and default judgment. A plaintiff seeking entry of default against a defendant must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default against the defendant. *Id.* Following such entry, the plaintiff must apply to the court for a default judgment, except when the claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b). Once default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint,

2

except those related to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995).

When deciding whether to grant a motion for a default judgment, the Court must satisfy itself that the facts in the complaint state a claim for relief against the defendant. *See Kuhlman v. McDonnel*, No. 1:20-cv-510, 2022 U.S. Dist. LEXIS 23846, at *4 (S.D. Ohio Feb. 10, 2022) (citation omitted). The Court is also required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F.Appx. 351, 355 (6th Cir. 2009). To do so, the Federal Rules of Civil Procedure "require that the party moving for a default judgment present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enters.*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## ANALYSIS

To start, the Court is satisfied that the facts as alleged state claims for violations of 47 U.S.C. §§ 553 and 605. The Court will now address the issue of damages.

### a. Statutory and Willful Damages

Plaintiff requests that the Court grant statutory damages in the amount of $6,900.00 and enhanced damages for willfulness in the amount of $27,600.00. (Motion, Doc. 11.) Plaintiff's President, Nick Gagliardi, filed a sworn affidavit describing the damages Plaintiff suffered as a result of Defendants' violations. (*See* Gagliardi Affidavit, Doc. 11-1.) The affidavit states that Plaintiff noticed its licensure sales were declining and paid $687.50 for investigators to detect, identify, and document unlawful exhibition of the Program by Defendants' commercial establishment. (*Id.* at ¶ 6.) The affidavit also

3

asserts that Plaintiff sold the sublicense for the Program to other establishments of similar size to Defendants' for a price of $2,300.00. (*Id.* at ¶ 8; *see also* Bryant Affidavit, Doc. 11-4.) The Supplemental Memorandum in Support of Plaintiff's Motion (Doc. 11-3) lays out the calculation of the requested statutory and enhanced damages. Regarding the request for $6,900.00, Plaintiff points out that this number is three times the licensing fee it lost from Defendants' violations. (Supplemental Memorandum, Doc. 11-3, Pg. ID 55.) This treble award is in accordance with awards that other courts have given plaintiffs for similar violations. (*Id.* (citing *Joe Hand Promotions, Inc. v. Pat's Snack Bar, LLC*, No. 6:19-CV-67, 2020 WL 1923178, at *5 (E.D. Ky. Apr. 21, 2020; *J & J Sports Productions, Inc. v. Tonita Restaurant, LLC,* No. 5:13-CV-382, 2015 WL 9462975, at *5, n.8 (E.D. Ky. Dec. 28, 2015)).)

The Supplemental Memorandum also addresses the enhanced damages request. Plaintiff describes that the Court has discretion to award a flat sum for such damages, or to use a multiplier of the statutory damages. (Supplemental Memorandum, Doc. 11-3, Pg. ID 55, 58.) The Court notes that it may award not more than $100,000 for each violation when it finds that the violation was committed willfully. *See* 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff asserts that, based on the intentional steps necessary to broadcast the Program without a license, Defendants understood their broadcast of the Program "was improper and illegal," and took willful steps to broadcast it. (Supplemental Memorandum, Doc. 11-3, Pg. ID 57; Gagliardi Affidavit, Doc. 11-1, ¶ 9.) And, according to the investigator, Pierce Bryant, Defendants' establishment used the Program as its primary form of entertainment on the night in question. (Supplemental Memorandum, Doc. 11-3, Pg. ID 57; Bryant Affidavit, Doc. 11-4.) Accordingly, Plaintiff requests $27,600.00, or four times

4

the statutory award, as other courts have done for similar violations. (Supplemental Memorandum, Doc. 11-3, Pg. ID 58-59 (collecting cases).) Looking at both the statutory and enhanced damages, the Court finds both requests are within the statutory limits and supported by case law. Further, the award amounts are reasonably ascertainable based on the sworn affidavits of Bryant and Gagliardi. Accordingly, the Court grants Plaintiff's request for statutory damages in an amount of $6,900.00 and enhanced damages of $27,600.00.

### b. Attorney's Fees

Next, Plaintiff's attorney, Jeffrey Koberg, filed a sworn affidavit attesting to the breakdown of hours and rate for his legal work on Plaintiff's case. (Koberg Affidavit, Doc. 11-2.) Plaintiff's total attorneys' fees accrued were $1,350.00. The relevant U.S. Code section allows for the award of reasonable attorneys' fees. 47. U.S.C. § 605(e)(3)(B)(iii). Courts use the lodestar method to determine an award of reasonable attorney's fees. *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The lodestar amount is "a reasonable hourly rate times a reasonable number of hours worked." *Brown v. Halsted Fin. Servs., LLC*, No. 3:12-cv-308, 2013 U.S. Dist. LEXIS 26144, at *6 (S.D. Ohio Feb. 26, 2013) (citing *Imwalle*, 515 F.3d at 551). "The key requirement for an award of attorney's fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle*, 515 F.3d at 553. "[T]he district court is required to give a clear explanation" for its award calculation. *Moore v. Freeman*, 355 F.3d 558, 566

5

(6th Cir. 2004).

### i. Reasonable Hourly Rate

The Court has broad discretion in determining what constitutes a reasonable hourly rate. *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997). The reasonable hourly rate is generally the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is the rate that lawyers of comparable skill and experience can reasonably expect to command in the venue of the court of record. *Geer v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Courts may also look to other markets, such as a national market, an area of specialization, or any other appropriate market for a prevailing market rate. *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983).

Plaintiff seeks $300.00 per hour for his attorney, Jeffrey Koberg, who has 35 years of litigation experience. (Koberg Affidavit, Doc. 11-2; *see also* "About Our Law Firm," *Law Offices of Timothy M. Sullivan*, timsullivanlaw.com/about-sullivan (last visited July 30, 2025).) The Court finds this rate reasonable, as other courts in this district have approved similar rates in similar cases. *See, e.g., Funk v. Airstream, Inc.*, No. 3:17-cv-260, 2019 US Dist. LEXIS 162334, at *7-8 (S.D. Ohio Sept. 23, 2019) (finding that a rate of $350.00 for an attorney with ten years of experience to be reasonable).

### ii. Reasonable Number of Hours

When determining the reasonable number of hours worked, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Brown*, 2013

6

U.S. Dist. LEXIS 26144, at *6 (citing *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)).

Plaintiff's counsel maintains that he billed 4.5 hours by the date of his affidavit. (Koberg Affidavit, Doc. 11-2.) However, counsel does not provide a description or documentation of how those hours were spent. The Sixth Circuit has laid out that the "key requirement" for awarding attorneys' fees is that "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Producsts, Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (cleaned up). Although counsel need not provide great detail of how he spent each minute, "the general subject matter should be identified." *State Farm Fire & Cas. Co. v. Rowland Plumbing, Ltd.*, No. 5:11-CV-316, 2013 WL 5442302, at *3 (N.D. Ohio Sept. 27, 2013) (cleaned up). As such, the Court will refrain from calculating the lodestar amount and awarding attorneys' fees until Plaintiff's counsel submits supplemental information of the billing entries for the 4.5 hours worked.

c. Costs

The Court may also award reasonable costs. *See* 47. U.S.C. § 605(e)(3)(B)(iii). Gagliardi stated that Plaintiff spent $687.50 in investigator fees related to this matter. (Gagliardi Affidavit, Doc. 11-1, ¶ 6). And, Plaintiff's counsel stated that court fees totaled $402.00 for this matter. (Koberg Affidavit, Doc. 11-2.) The Court finds these costs reasonably ascertainable and awards them both to Plaintiff, for a total of $1,089.50 in costs.

7

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** the following:

1. Plaintiff's Motion for Default Judgment (Doc. 11) is **GRANTED**;

2. Default Judgment is **ENTERED** in favor of Plaintiff against Defendants in the following amounts:

    i. $6,900.00 in statutory damages;

    ii. $27,600.00 in enhanced damages;

    iii. $402.00 in court costs; and

    iv. $687.50 in investigator costs; and

3. Plaintiff or Plaintiff's counsel **SHALL FILE** additional documentation itemizing the hours billed for work performed by Plaintiff's counsel on this matter.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND